**PROCEEDINGS FOR REVIEW UNDER THE JONES LAW.**

[Circuit Court of Cuyahoga County.]

In re Petition in Favor of Prohibiting the Sale of Intoxicating Liquors v. Tom L. Johnson, Mayor, etc. (and five other Jones Law Cases).

Decided, November 26, 1906.

*Liquor Laws—Nature of Functions Conferred on Mayor and Judge under the Jones Law—Judicial and Ministerial Duties—Motion Filed During Vacation—For Leave to Prosecute Error—98 O. L., 68—Section 6716.*

1. If the functions conferred upon the mayor and judge by the Jones law (98 O. L., 68) are of a judicial nature, then the proceedings in error provided for in Section 12 of said law come within the requirements of Section 6716, Revised Statutes, and a transcript of the final record, or of the docket or journal entries, must be filed with the petition in error. If said functions are of a ministerial nature, then said Section 12 of the Jones law is unconstitutional, being an attempt to confer original jurisdiction upon the circuit court in excess of that limited by Section 6, Article XII, of the Constitution.

2. Where a motion for leave to file a petition in error and a petition in error are both filed with the clerk of the circuit court within the fifteen days limited by Section 12 of the Jones law, but during vacation, *quaere*, can the circuit court, when thereafter duly convened in session, grant said motion and entertain consideration of said petition in error?

Winch, J.; Marvin, J., and Henry, J., concur.

Error to the Court of Common Pleas.

During the summer vacation six petitions in error were filed in this court, upon leave of one judge thereof, to review a like number of rulings, four by the mayor of the city of Cleveland and two by a judge of the Common Pleas Court of Cuyahoga County, within which said city is situated, upon petitions presented to said mayor and judge, respectively, in favor of prohibiting the sale of intoxicating liquors as a beverage in certain resident districts in said city, described in said petitions, as provided under the Jones law, so-called (98 O. L., 68).

The jurisdiction of the court to consider these petitions in error is challenged upon two grounds:

First.   Because leave to file said petition in error was granted by a judge of the circuit court in vacation, instead of by the court itself during term time.

Second.   Because neither transcript of the final record, nor a transcript of the docket or journal entries, was filed with any of said petitions in · error, as required by . Section 6716, Revised Statutes of Ohio.

A determination of these propositions requires an examination of part of Sections 4 and 12 of said Jones law, reading as follows:

"Section 4.    * * * The 'mayor or judge shall decide whether the petitioners are qualified electors in the residence district and equal in number a majority of the votes cast in the residence district at the last regular municipal election and the mayor shall make a record of his findings on his docket and the judge shall cause the same to be recorded in the records of his court." * * *

"Section 12.   Any person being a qualified elector of a residence district of any municipal corporation wherein a petition shall have been presented and held sufficient by a mayor or judge as provided for in this act may prosecute error from such finding by first filing a motion for leave to file a petition in error with the circuit court of the county in which such residence district is situated.

"The motion shall not be granted unless for good cause ' shown.   If such motion is granted, a petition in error shall be filed within fifteen days after the finding or decision of the mayor or judge setting forth the errors complained of." * * *

Conceding, as has been held by other circuit courts of this state, that leave to file such petitions in error must be granted by the court and can not be granted by one or more judges thereof in vacation, perhaps it does not follow that if petitions in error are filed within the fifteen days limited by the statute, but during vacation, they must be stricken from the files.

In each of these cases plaintiffs in error did all that this statute requires of them to be done.   Each first filed with the clerk of this court a motion for leave to file a petition in error.   Each filed a petition in error with said clerk within the fifteen days.   The court was not in session.   *Quaere*, could the court when thereafter duly convened in session, grant the motion, and the petition in error being on file within the

fifteen days, would the limitations of the statute be complied with?

What answer we should give to this question in a case where we felt the leave should be granted, we do not now indicate, for a consideration of the second objection to the jurisdiction of the court shows that such leave should not be granted in these cases, in any event.

2. The second objection is that no transcript was filed with the petition in error.

We have carefully examined all the papers filed in all these cases and find that in none of them was there filed with the petition such transcript as is required by Section 6716, before referred to.

If the proceedings before the mayor or the proceedings before the judge were of a judicial nature, then manifestly the jurisdiction of this court to review said proceedings must be invoked as prescribed by Chapter 1, Title IV, Part 3 of the Revised Statutes, and as Section 6716, contained in said chapter, was not complied with, the court is without jurisdiction to entertain said petitions in error. *Jennings* v. *Mendenhall,* 3 O. S., 490; *Stewart* v. *Williams,* 15 O. S., 484; *Barton* v. *Am. Nat. Bk.,* 14 C. C., 450.

If the proceedings before the mayor or judge were of a ministerial nature, if said officers exercised non-judicial functions under the Jones law, then Section 12 of said law is in contravention of Section 6, Article IV of the Constitution, for it would be the conferring of original jurisdiction upon the circuit court in excess of that limited by the Constitution. *Logan Branch Bank, ex parte,* 1 O. S., 432; *Musser* v. *Adair,* 55 O. S., 466.

So it seems that whether the functions performed by the mayor or judge under the Jones law are ministerial or judicial, the result would be the same in these six cases, and the petitions in error must be dismissed for want of jurisdiction in this court to entertain them.

*Geo. H. Shaw, C. W. Collister, Hobday & Quigley, Blandin, Rice & Ginn* and *F. D. Morrow,* for petitioners..